**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KENYA SPENCER-MARTIN** | * | **CIVIL ACTION NO.: 3:16-cv-789** |
| **V.** | * | **JUDGE: _____** |
| **EXXON MOBIL CORPORATION** | * | **MAG.:_____** |

**COMPLAINT**

**JURY TRIAL DEMANDED**

**NOW COMES** Kenya Spencer-Martin by and through undersigned counsel, who brings this Complaint against Exxon Mobil Corporation ("Exxon").

**I. INTRODUCTION**

This case involves violations of the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq*. Plaintiff contends that Exxon discriminated against her by terminating her on the basis of her disability – epilepsy.

**II. JURISDICTION AND VENUE**

Jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 2000e-5(f). Venue is proper because the employment practices and unlawful discrimination were committed in this District.

**III. PARTIES**

1.      Plaintiff, Kenya Spencer-Martin, is an adult resident citizen of the State of Louisiana, Parish of East Baton Rouge and a former employee of Exxon.

1

## IV. FACTS

2. Ms. Spencer-Martin began working at Exxon on January 17, 2005, and she was working as a temporary operations controller, a safety-sensitive position, in 2015. Exxon terminated her employment on November 30, 2015, because of her disability, epilepsy.

3. Ms. Spencer-Martin underwent surgery in 1995 to treat a left temporal brain hemorrhage caused by a congenital anomaly. Jon Olson, M.D., a neurologist, began treating Ms. Spencer-Martin in 2001. After Ms. Spencer-Martin complained of "spells" to Dr. Olson, he prescribed anti-seizure medication in 2010 before Ms. Spencer-Martin became a temporary operations controller. Ms. Spencer-Martin was seizure-free on this medication, until she reduced her does in 2015 because of a problem with her health insurance.

4. Ms. Spencer-Martin disclosed a history of seizures to Exxon (including disclosures on February 3, 2010, December 1, 2011, and August 29, 2013 in conjunction with physical exams). On February 5, 2010, Exxon cleared Ms. Spencer-Martin for safety-sensitive duty.

5. In early 2015, Ms. Spencer-Martin had difficulty obtaining her seizure medication because her insurer refused to approve the medication. Ms. Spencer-Martin reduced her dose because of these difficulties. On April 18, 2015, Ms. Spencer-Martin had a seizure while at work.

6. Dr. Olson refused to allow Ms. Spencer-Martin to return to work for a period of six months. During this time, Ms. Spencer-Martin had no seizures. According to Dr. Olson, Ms. Spencer-Martin's imaging remains stable, and her intracranial re-hemorrhage risk is felt to be exceedingly low. Dr. Olson stated that the risk of harm/injury is "very low with ongoing continued excellent seizure control with current meds and statusis [sic] anticipated with

reasonable medical certainty." Even though Ms. Spencer-Martin's treating neurologist released her to return to work on October 19, 2015, Exxon refused to allow Ms. Spencer-Martin to return to work. Exxon terminated her employment on November 30, 2015.

## V. ADMINISTRATIVE PROCEDURES

7. Ms. Spencer-Martin filed a charge with the Equal Employment Opportunity Commission on or about February 16, 2016.

8. Ms. Spencer-Martin received a notice of right to sue from the Equal Employment Opportunity Commission dated October 7, 2016. This action has been filed within 90 days of Ms. Spencer-Martin's receipt of the right to sue.

9. Ms. Spencer-Martin has met all administrative prerequisites to filing suit.

## VI. CAUSES OF ACTION

### COUNT I

### DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12112

10. The foregoing allegations are incorporated herein as if fully reproduced.

11. Ms. Spencer-Martin is an individual with a disability pursuant to 42 U.S.C. § 12102(1).

12. Ms. Spencer-Martin was able to perform the essential functions of her employment position. 42 U.S.C. § 12103(8). Therefore, Ms. Spencer-Martin was a qualified individual.

13. Exxon terminated Ms. Spencer-Martin's employment on November 30, 2015.

14. Ms. Spencer-Martin's employment was terminated on the basis of her disability.

## COUNT 1

### DISCRIMINATION IN VIOLATION OF LOUSIANA EMPLOYMENT DISCRIMINATION LAW, La. R.S. 23:323

15. The foregoing allegations are incorporated herein as if fully reproduced.

16. Kenya Spencer-Martin is a qualified person with a disability under La. 23:323(A).

17. Exxon's discharge of Ms. Spencer-Martin violates La. R.S. 23:323(B)(1).

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ms. Spencer-Martin, respectfully prays that defendant, Exxon, be served with a copy of this complaint and be duly cited to appear and answer same and after legal delays and due proceedings, Plaintiff prays that there be trial by jury and judgment in favor of Plaintiff and against Defendant for the following relief:

   a) Back pay;

   b) Compensatory damages, including lost wages and damages for emotional distress;

   c) Equitable relief, including future lost wages and benefits;

   d) Punitive damages pursuant to 42 U.S.C. § 1981a;

   e) Attorneys' fees pursuant to 42 U.S.C. § 1988 and La. R.s. 23:303(A);

   f) Any other relief to which Plaintiff is entitled.

Respectfully submitted,

**ROBEIN, URANN SPENCER,
 PICARD & CANGEMI, APLC**


*s/ Christina L. Carroll*
Christina L. Carroll (La. Bar No. 29789)
2540 Severn Avenue, Suite 400
Metairie, LA  70002
Telephone:  (504) 885-9994
Facsimile:   (504) 885-9969
Email:  ccarroll@ruspclaw.com
**Attorney for Plaintiff**