UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENYA SPENCER-MARTIN                                          CIVIL ACTION

VERSUS

                                                                               NO. 16-789-SDD-RLB

EXXON MOBIL CORPORATION

## ORDER

Before the Court is Defendant's Motion to Set Plaintiff's Expert Fee (R. Doc. 12) filed on August 28, 2017. Defendant seeks an order setting the fee to be paid to Plaintiff's expert witness, Dr. Jon Olson, at his deposition set for October 3, 2017. The motion is opposed. (R. Doc. 15).

**I.    Background**

On November 28, 2018, Kenya Spencer-Martin ("Plaintiff"), who has epilepsy, commenced this action, alleging that she was terminated by her former employer, Exxon Mobile Corporation ("Defendant"), in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (R. Doc. 1). Plaintiff alleges that she has been treating with Dr. Olson, a neurologist, since 2001 with regard to her disability. (R. Doc. 1 at 2). Plaintiff further alleges that she had a seizure while at work on April 18, 2015, and was terminated just over one month after Dr. Olson released her back to work on October 19, 2015. (R. Doc. 1 at 2-3).

Plaintiff has designated Dr. Olson as an expert witness. (R. Doc. 15-2). According to his curriculum vitae, Dr. Olson obtained his medical degree in 1993, completed a residency in neurology and a fellowship in neuro-oncology, and is board certified in psychiatry and neurology. (R. Doc. 15-2 at 4-5). Dr. Olson provided Defendant a declaration stating that he charges "$1,800 per hour for testimony." (R. Doc. 15-2 at 3). Defendant noticed the deposition

of Dr. Olson to take place on October 3, 2017. (R. Doc. 15-1). Defendant asserts that after scheduling the deposition, Dr. Olson provided notice that he will require payment of $1,800 per hour to give his deposition. (R. Doc. 12-1 at 2-3).

Through the instant motion, Defendant seeks an order setting Dr. Olson's hourly deposition rate at $500, the same rate charged by Defendant's expert neurologist, Dr. Leonard Hershkowitz. (R. Doc. 12-1 at 5). Defendant asserts that Dr. Hershkowitz earned his medical degree in 1970, completed a residency in neurology and a fellowship in neuro-ophthalmology, and, like Dr. Olson, is board certified in psychiatry and neurology. (R. Doc. 12-1 at 5). Defendant argues that the $1,800 per hour rate sought by Dr. Olson is exorbitant and should be reduced to the $500 per hour rate charged by Dr. Hershkowitz. (R. Doc. 12-1 a 3-5).

In opposition, Plaintiff argues that that Dr. Olson's fee is reasonable as it is the same rate charged by the nine neurologists employed at Dr. Olson's place of employment, The NeuroMedical Center. (R. Doc. 15 at 2). Plaintiff submits an affidavit by The NeuroMedical Center's Controller stating that the services fees charged by The NeuroMedical Center "are customary for physicians of the same medical specialty practicing in the community." (R. Doc. 15-3). Attached to the affidavit is a list of The NeuroMedical Center's "Service Fees" related to litigation, which indicates that its physician's standard deposition fee is $1,800 per hour with the annotation "pre-collect." (R. Doc. 15-3 at 2).

**II.     Law and Analysis**

"A party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). "Unless manifest injustice would result, the court must require that the party seeking discovery" from an expert to "pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)." Fed. R. Civ. P. 26(b)(4)(E)(i).

"The party seeking reimbursement bears the burden of proving the reasonableness of the fees." *Terrebonne Par. Branch NAACP v. Jindal*, No. 14-69, 2015 WL 9463164, at *1 (M.D. La. Dec. 28, 2015). "Factors considered in assessing the reasonableness of an expert's fee include: (1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interests implicated by Rule 26." *Id.* (citations omitted).

The deposition of Dr. Olson is not set to take place until October 3, 2017. Defendant's obligations to pay a "reasonable" amount "for time spent in responding to discovery" only becomes due after Dr. Olson prepares for and attends his deposition. Fed. R. Civ. P. 26(b)(4)(E)(i); *see Krantz v. State Farm Fire and Casualty Company*, No. 16-mc-7248, ECF No. 7 (E.D. La. June 8, 2016) (emphasizing that expert fees are only paid for time spent "in responding" to discovery, and stating that requiring up-front payments "without reference to time actually spent in responding to discovery is contrary to the law"); *Kramer v. Hartford Ins. Co. of the Midwest*, No. 812-1824, 2013 WL 12155927, at *1 (M.D. Fla. Apr. 30, 2013) ("The Court finds that prepayment of expert witness fees . . . is inappropriate under the Federal Rules of Civil Procedure.") (citing cases); *see also Nnodimele v. City of New York*, No. 13-3461, 2015 WL 4461008, at *1 n.1 (E.D.N.Y. July 21, 2015) (adjudicating the issue of reasonableness of expert's deposition fees, but noting that the court denied previous motion to set fee "without prejudice, as premature, adding that, to the extent the parties were unable to reach agreement following [the expert's] deposition, either party could move for judicial resolution of the fee issue" and that "[u]nfortunately, the parties were unable to resolve the dispute on their own.").

Because Dr. Olson has not yet responded to any discovery, the determination of the reasonableness of his fees at this time would be premature. Indeed, the factors to be considered in determining the "reasonableness of the charged expert fees" includes "the nature, quality, and complexity of the discovery responses provided." *Terrebonne Par. Branch NAACP*, 2015 WL 9463164, at *1. In the absence of an actual record of preparation time and deposition testimony, the Court cannot determine "the nature, quality, and complexity" of Dr. Olson's discovery responses. Plaintiff herself can only speculate at this time "that the quality of the testimony [to be provided by Dr. Olson] will be high." (R. Doc. 15 at 3).

Furthermore, the Court has reviewed various decisions setting the "reasonable fee" for deposition preparation and testimony provided by neurologists and related physicians. These courts have reached a wide-range of conclusions based on fact specific inquiries. *See*, *e.g.*, *Whalen v. CSX Transportation, Inc.*, No. 13-3784, 2017 WL 374737 (S.D.N.Y. Jan. 26, 2017) (setting hourly rate for deposition and deposition preparation time of expert neurosurgeon at $500 per hour); *Walker v. Spike's Tactical, LLC*, No. 13-1923, 2015 WL 70812, at *4 (D. Nev. Jan. 5, 2015) (setting hourly rate for deposition of expert neurologist at $1,500 per hour where the neurologist had particularly "impressive credentials" and neither party "provided the court with evidence of the prevailing rates of other comparable, respected, available experts in [the] area"); *Reit v. Post Properties, Inc.*, No. 09-5455, 2010 WL 4537044, at *6-11 (S.D.N.Y. Nov. 4, 2010) (setting hourly rate for deposition and deposition preparation time of expert neurologist at $400 per hour); *Barnes v. Hickox*, No. 08-938, 2009 WL 10670584 (M.D. Fl. Oct. 13, 2009) (setting hourly rate for deposition of expert neurologist at $975 per hour where opposing expert charged that amount); *Marin v. United States*, No. 06-552, 2008 WL 5351935 (S.D.N.Y. Dec. 22, 2008) (setting hourly rate for deposition of expert neuroradiologist and neurologist at $550 per hour and hourly rate for deposition preparation at $400 per hour); *Grady v. Jefferson County*

*Board of County Commissioners*, 249 F.R.D. 657 (D. Colo. 2008) (setting hourly rate for neurological surgeon at $600 per hour); *Hose v. Chicago and North Western Transp. Co.*, 154 F.R.D. 222 (S.D. Iowa 1994) (setting hourly rate for deposition of expert neurologist at $400 per hour and hourly rate for deposition preparation at $160 per hour).

Given the record, and the fact-specific inquiry with regard to setting the reasonableness of Dr. Olson's fees, which have not yet been incurred, the Court will defer ruling on the issue of the reasonableness of Dr. Olson's fees. The parties and Dr. Olson are encouraged to resolve the foregoing issue without further court intervention. If necessary, however, Plaintiff and/or Dr. Olson may move this Court to require Defendant to pay Dr. Olson "a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)." Fed. R. Civ. P. 26(b)(4)(E)(i). Any such motion must provide the invoices submitted to Defendant with regard to Dr. Olson's preparation for his deposition and actual deposition testimony.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Set Plaintiff's Expert Fee (R. Doc. 12) is **DENIED as premature.**

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall provide a copy of this Order to Dr. Olson within **3 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on September 15, 2017.

_____
      **RICHARD L. BOURGEOIS, JR.**
      **UNITED STATES MAGISTRATE JUDGE**